**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37054**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 671 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 15, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CECIL GERALD DANIELS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for felony driving under the influence of alcohol and/or drugs, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge, GUTIERREZ, Judge
and MELANSON, Judge
_____

PER CURIAM

Cecil Gerald Daniels appeals from his judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for felony driving under the influence of alcohol and/or drugs, Idaho Code §§ 18-8004, 18-8005. He also appeals the denial of his Idaho Criminal Rule 35 motion for reduction of the sentence. We affirm.

Where a sentence is within the statutory limits, it will not be disturbed on appeal absent an abuse of the sentencing court's discretion. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989). We will not conclude on review that the sentencing court abused its discretion unless the sentence is unreasonable under the facts of the case. *State v. Brown*, 121 Idaho 385, 825 P.2d

1

482 (1992). In evaluating the reasonableness of a sentence, we consider the nature of the offense and the character of the offender, applying our well-established standards of review. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

A motion for reduction of a sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 159 P.3d 838 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho 447, 680 P.2d 869.

Having reviewed the record, we conclude that the district court did not abuse its discretion in imposing Daniels' sentence nor in denying Daniels' Rule 35 motion for reduction of sentence. The judgment of conviction and sentence, and the order denying Daniels' Rule 35 motion, are affirmed.