**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 39857 & 39858**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 435** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: April 8, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DONALD JOE JAY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Peter D. McDermott, District Judge.

Judgments of conviction and unified sentence of ten years, with a minimum period of confinement of six years, for felony driving under the influence and concurrent determinate term of six years for felony fleeing or attempting to elude a peace officer, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

In Docket No. 39857, Donald Joe Jay pled guilty to felony driving under the influence. I.C. § 18-8004(1)(a), 18-8005(6). The district court sentenced Jay to a unified term of ten years, with a minimum period of confinement of six years. In Docket No. 38758, Jay entered an *Alford*[1] plea to felony fleeing or attempting to elude a peace officer. I.C. § 49-1404(b) and (c).

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

In exchange for his guilty plea, an additional felony driving under the influence charge was dismissed. The district court sentenced Jay to a determinate term of six years, to be served concurrently with his sentence for felony driving under the influence. Jay filed I.C.R 35 motions for reduction of his sentences, which the district court denied. Jay appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Jay's Rule 35 motions. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Jay's judgments of conviction unified sentence of ten years, with a minimum period of confinement of six years, for felony driving under the influence and concurrent determinate term of six years for felony fleeing or attempting to elude a peace officer, and the district court's orders denying Jay's Rule 35 motions, are affirmed.