IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 39871/39872

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 466 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 26, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| NATHAN ALLEN SCOTT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Orders relinquishing jurisdiction and executing original sentences without reduction, <u>affirmed</u>; orders denying Idaho Criminal Rule 35 motions for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Pursuant to a plea agreement, Nathan Allen Scott pled guilty to rape, Idaho Code § 18-6101, in docket number 39871, and conspiracy to commit grand theft, I.C. § 18-2403(1), in docket number 39872. The district court sentenced Scott to a unified term of ten years, with two years determinate, for the rape conviction, and a unified term of six years, with two years determinate, for the conspiracy conviction. The district court ordered the sentences to run concurrent with each other and retained jurisdiction in both cases. After a period of retained jurisdiction, the district court suspended the sentences and placed Scott on probation. Subsequently, Scott admitted to violating several terms of his probation. The district court

revoked probation and executed the original sentences, but retained jurisdiction again in both cases. Shortly thereafter, the Idaho Department of Correction (IDOC) recommended that the district court relinquish jurisdiction. After a hearing, the district court continued its jurisdiction and ordered Scott to continue his programming. Not long thereafter, the IDOC again recommended that the district court relinquish its jurisdiction. The district court relinquished jurisdiction and executed the original sentences in both cases. Scott filed Idaho Criminal Rule 35 motions for reduction of his sentences, which the district court denied.

Scott appealed in both cases. On appeal, Scott contends the district court abused its discretion by relinquishing jurisdiction, or alternatively, by failing to sua sponte reduce his sentences upon relinquishing jurisdiction. Scott also argues the district court abused its discretion by denying his Rule 35 motions. The two cases have been consolidated on appeal.

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows the district court properly considered the information before it and determined that probation was not appropriate.

Upon relinquishing jurisdiction, the trial court is authorized under Rule 35 to reduce the sentence. Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the

2

motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including the new information submitted with Scott's Rule 35 motion, we conclude no abuse of discretion has been shown.

Accordingly, the orders relinquishing jurisdiction and requiring execution of Scott's original sentences without reduction are affirmed. Additionally, the district court's orders denying Scott's Rule 35 motions are also affirmed.