# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39363

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 602 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 29, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MAX LAMONT THOMAS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Oneida County. Hon. Robert C. Naftz, District Judge.

Order relinquishing jurisdiction and order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Erik R. Lehtinen, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

---

PER CURIAM

Max Lamont Thomas was convicted of delivery of a controlled substance, Idaho Code § 37-2732(a)(1)(B). The district court initially withheld judgment and placed Thomas on probation. Following a report of probation violation, the district court revoked probation, imposed a unified six-year sentence with a three-year determinate term, suspended the sentence, and returned Thomas to probation. Reports of probation violations were filed two more times. Following the third violation, the district court revoked probation, ordered execution of the original sentence, and retained jurisdiction. At the conclusion of the retained jurisdiction program, the district court relinquished jurisdiction and ordered execution of Thomas's sentence.

1

Thomas filed an Idaho Criminal Rule 35 motion which was denied. Thomas appeals the district court's decision to relinquish jurisdiction and the denial of his Rule 35 motion.

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). It follows that a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 472, 816 P.2d 1023, 1029 (Ct. App. 1991). Idaho Code § 19-2521 sets out the criteria a court must consider when deciding whether to grant probation or impose imprisonment. A decision to deny probation will not be held to represent an abuse of discretion if the decision is consistent with the Section 19-2521 standards. *State v. Merwin*, 131 Idaho 642, 962 P.2d 1026 (1998). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. Therefore, we hold that the district court did not abuse its discretion.

A Rule 35 motion is a request for leniency which is addressed to the sound discretion of the sentencing court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 159 P.3d 838 (2007). Our focus on review is upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). Where a sentence is not illegal, the appellant must show that it is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

Having reviewed the record, including any new information submitted with Thomas's Rule 35 motion, we find no abuse of discretion in the district court's denial of the motion. Accordingly, the district court's orders relinquishing jurisdiction and denying Thomas's I.C.R. 35 motion is affirmed.