## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 33015

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) |
| Plaintiff-Respondent, | ) Boise, November 2006 Term |
| | ) |
| v. | ) 2006 Opinion No. 3 |
| | ) |
| FRED K. HUFFMAN, | ) Filed: January 22, 2007 |
| | ) |
| Defendant-Appellant. | ) Stephen W. Kenyon, Clerk |
| | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Honorable G. Richard Bevan, District Judge.

District court decision denying Rule 35 motion, <u>affirmed.</u>

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Diane M. Walker, Deputy Appellate Public Defender argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Thomas Tharp, Deputy Attorney General argued.

_____

BURDICK, Justice

Fred K. Huffman seeks review from a Court of Appeals opinion affirming a district court decision denying Huffman's Rule 35 motion for reduction of his sentence. We affirm his sentences.

### I. FACTUAL AND PROCEDURAL BACKGROUND

While on parole from 1997 robbery and grand theft convictions, Huffman absconded. He then attempted to rob one bank in Twin Falls and successfully robbed another before leaving Idaho for Nevada. Huffman was charged with burglary, I.C. § 18-1401, and grand theft, I.C. §§ 18-2403, 18-2407. He pled guilty to these charges, and on November 8, 2004, the district judge sentenced him to a unified term of ten years with six years fixed for the burglary concurrent with a unified fourteen year term with eight years fixed for grand theft. The court also ordered these sentences to run concurrent with the seven and one-half years remaining on Huffman's previous grand theft and robbery sentences.

1

After sentencing, Huffman moved for a reduction of sentence pursuant to Rule 35, Idaho Criminal Rules, based on the parole commission's decision made in another case prior to his sentencing in this case. Before Huffman's sentencing in the instant case the Commission of Pardons and Parole revoked Huffman's parole from the 1997 robbery and grand theft convictions. In an October 2004 parole revocation hearing on Huffman's previous grand theft and robbery sentences, the hearing officer provided: "It is my recommendation that the subject never again be granted the privilege of parole release. I recommend that he be required to serve out his sentences to their full term release dates." The parole board adopted these findings, considered Huffman unsupervisable, and ordered that he serve his full indeterminate sentences for the 1997 convictions.

The district court denied Huffman's Rule 35 motion. Huffman then appealed this denial to the Court of Appeals, arguing that the district court abused its discretion by denying his motion and claiming that special circumstances exist which require the examination of more than the determinate portion of his sentence. The Court of Appeals affirmed. *State v. Huffman*, 2006 WL 241130 (Idaho App. 2006). This Court then granted Huffman's petition for review.

## II. ANALYSIS

Although he appeals only the denial of his Rule 35 motion Huffman urges this Court to review the entire unified portion of his sentence. Since we have never adopted the Court of Appeals language that an appellate court never wholly disregards the indeterminate portion of a sentence, *see State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct. App. 1989), we should, Huffman urges, decline to adopt the "special circumstances" test from *State v. Herrera,* 130 Idaho 839, 949 P.2d 226 (Ct. App. 1997), and instead always review both the determinate and indeterminate portion of a sentence. This standard, he contends, would better recognize that parolees enjoy less freedom than citizens free from State custody of any form, that parole is merely a variation of imprisonment and that criminal punishment should never be more severe than necessary to accomplish sentencing objectives. The state agrees, for different reasons, that we should decline to adopt the special circumstances test articulated by our Court of Appeals.

However, this argument assumes that the "special circumstance" test derives from a refusal to review a defendant's aggregate sentence (the determinate and indeterminate portions of a sentence). We have never held that we will not review the aggregate portion of a defendant's sentence to see if it is reasonable under the facts of the case when the sentence is appealed.

However, Rule 35 does not function as an appeal of a sentence. Instead, it is a narrow rule allowing a trial court to correct an illegal sentence (at any time) or to correct a sentence imposed in an illegal manner (within 120 days). If a sentence is within the statutory limits, a motion for reduction of sentence under Rule 35 is a plea for leniency, and we review the denial of the motion for an abuse of discretion. *State v. Knighton*, 143 Idaho 318, __, 144 P.3d 23, 24 (2006); *State v. Albee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). When presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the Rule 35 motion. *Knighton*, 143 Idaho at __, 144 P.3d at 25; *State v. Sheahan*, 139 Idaho 267, 285, 77 P.3d 956, 974 (2003); *State v. Strand*, 137 Idaho 457, 463, 50 P.3d 472, 478 (2002); *see also State v. Wright*, 134 Idaho 73, 79, 996 P.2d 292, 298 (2000). An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. As such, because Huffman only appeals the denial of his Rule 35 motion, his request to change the standard of review for an appeal of a sentence is not properly before this Court.

We turn, then, to Huffman's appeal of the Rule 35 motion. As his new information presented in support of his Rule 35 motion to reduce the 2004 sentences, Huffman argues that the Court should consider the statements made by the parole board when revoking his probation on the 1997 sentences. However, such consideration would be improper. The Commission on Pardons and Parole is vested with the discretion to grant or deny parole at any time after the completion of the determinate portion of a defendant's sentence. I.C. § 20-223(c). Courts cannot intrude on this discretion when fashioning a sentence nor when reviewing a sentence. *Brandt v. State,* 118 Idaho 350, 352, 796 P.2d 1023, 1025 (1990); *see also State v. Tranmer*, 135 Idaho 614, 616, 21 P.3d 936, 938 (Ct. App. 2001); *Vittone v. State*, 114 Idaho 618, 619, 759 P.2d 909, 910 (Ct. App. 1988).[1]

Huffman also argues that his sentences are excessive because he expressed remorse, recognized the role alcohol played in his crimes, and is willing to receive treatment for his alcohol addiction. These mitigating factors, Huffman contends, should have led the district judge to reduce his sentences pursuant to his Rule 35 motion. These factors, however, were considered

---

[1] However, conduct while incarcerated or any unusual risks faced by a particular defendant while incarcerated may be properly considered. *Sanchez,* 115 Idaho at 778, 769 P.2d at 1150.

3

by the district judge at the original sentencing. Huffman has presented no new information that the court could properly consider. As such, the district court did not abuse its discretion, *Knighton,* 143 Idaho at ___, 144 P.3d at 25, and we affirm the district court's denial of Huffman's Rule 35 motion.

## III. CONCLUSION

We hold that actions by the parole board cannot be considered when reviewing a Rule 35 motion as this would be a collateral attack on an executive decision. We also affirm the district court's denial of Huffman's Rule 35 motion because he failed to present new information the district court could properly consider.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and JONES, **CONCUR.**

4