# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39395

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 687** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: October 23, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DENNIS KEITH TIMBERLAKE, JR.,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Hart Law Offices, P.C.; Stephen S. Hart, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

---

PER CURIAM

Dennis Keith Timberlake, Jr. pled guilty to injury to a child. Idaho Code § 18-1501(1). The district court sentenced Timberlake to a unified sentence of ten years with five years determinate. Timberlake filed an Idaho Criminal Rule 35 motion, which the district court denied. Timberlake appeals asserting that the district court abused its discretion by denying his Rule 35 motion for reduction of sentence.

A Rule 35 motion is a request for leniency which is addressed to the sound discretion of the sentencing court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho

201, 159 P.3d 838 (2007). Our focus on review is upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). Where a sentence is not illegal, the appellant must show that it is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

Having reviewed the record, including any new information submitted with Timberlake's Rule 35 motion, we find no abuse of discretion in the district court's denial of the motion. Accordingly, the district court's order denying Timberlake's I.C.R. 35 motion is affirmed.