**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 39333/39334**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 708** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: November 8, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **LARRY RAY HALBERT,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

In docket number 39333 Larry Ray Halbert pled guilty to felony driving under the influence of alcohol and/or an intoxicating substance. Idaho Code §§ 18-8004, 18-8005(5). The district court sentenced Halbert to a unified term of five years with two years determinate, but suspended his sentence and placed him on supervised probation for five years. In docket number 39334, Halbert pled guilty to felony driving under the influence of alcohol and/or an intoxicating substance, I.C. §§ 18-8004, 18-8005(5) and admitted to violating his probation. The district court released Halbert to participate in a residential treatment program pending disposition in both cases. At a consolidated sentencing and disposition hearing, the district court revoked Halbert's probation and ordered the underlying sentence in docket number 39333 to be executed; imposed a concurrent unified sentence of ten years with four years determinate in docket number

1

39334; retaining jurisdiction in both cases. Following the period of retained jurisdiction, the district court again suspended Halbert's sentences and placed him on supervised probation for five years. Halbert again violated probation and the district court revoked his probation in both cases and ordered his underlying sentences executed. Halbert filed Idaho Criminal Rule 35 motions in both cases and both were denied by the district court. Halbert appeals asserting that the district court abused its discretion by denying his Rule 35 motions and by declining to reduce his sentences.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* Because no new or additional information in support of Halbert's Rule 35 motions was presented, the district court did not abuse its discretion. For the foregoing reasons, the district court's orders denying Halbert's Rule 35 motions are affirmed.