IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39939

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 333 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 17, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STANLEY LEROY STROISCH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Stanley Leroy Stroisch pled guilty to attempted strangulation. Idaho Code § 18-923. The district court sentenced Stroisch to a unified term of six years, with three years determinate, and retained jurisdiction for 180 days. At the conclusion of the period of retained jurisdiction, the district court again retained jurisdiction over Stroisch for another 180 day period.[1] At the conclusion of the second period of retained jurisdiction, the district court suspended Stroisch's

---

[1]     The district court was without jurisdiction to order a second period of retained jurisdiction without an intervening period of probation. *See State v. Urrabazo*, 150 Idaho 158, 160, 244 P.3d 1244, 1246 (2010), *abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011).

underlying sentence and placed him on probation. Subsequently, Stroisch was found to have violated the terms of his probation. The district court consequently revoked probation and executed the underlying sentence. Stroisch filed an Idaho Criminal Rule 35 motion for a reduction of his sentence, but did not present any new or additional information in support of his motion. The district court denied the motion. Stroisch appeals.

Mindful that the district court was without jurisdiction to grant the motion, Stroisch asserts the district court abused its discretion by denying his Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* Even despite any jurisdictional bars, because no new or additional information in support of Stroisch's Rule 35 motion was presented, the district court did not abuse its discretion.

For the foregoing reasons, the district court's order denying Stroisch's Rule 35 motion is affirmed.