**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 39848/39849**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 334** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: January 22, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **KEVIN J. BROWNING,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Orders denying Idaho Criminal Rule 35 motions for correction of an illegal sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

---

PER CURIAM

In docket number 39848, Kevin J. Browning pled guilty to felony driving under the influence. Idaho Code §§ 18-8004, 18-8005(5). The district court sentenced Browning to a unified term of five years, with two years determinate, but suspended the sentence and placed him on probation. In docket number 39849, Browning pled guilty to a separate charge of felony driving under the influence. I.C. §§ 18-8004, 18-8005(5). The district court sentenced Browning to a unified term of six years, with three years determinate, but again suspended the sentence and placed him on probation. After Browning violated the terms of his probation several times in both cases, the district court revoked probation in both cases. The district court imposed the underlying sentence in docket number 39848 and imposed a reduced sentence of a

unified term of five years, with two years determinate, in docket number 39849. The district court also ordered the two sentences to run concurrently with each other. Approximately eight months later, Browning filed Idaho Criminal Rule 35 motions in both cases for correction of illegal sentences. After holding an evidentiary hearing, the district court denied the motions. Browning appeals, contending the district court erred in denying his Rule 35 motions. The two cases are consolidated on appeal.

Pursuant to Idaho Criminal Rule 35, a district court may correct an illegal sentence at any time. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Generally, whether a sentence is illegal is a question of law, over which we exercise free review. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is limited to legal questions surrounding the defendant's sentence, and any factual issues must be apparent from the face of the record. *Clements*, 148 Idaho at 88, 218 P.3d at 1149.

In applying the standard set forth above, we determine Browning's sentences are not illegal from the face of the record. The basis of Browning's Rule 35 motions is that his sentences are illegal based on alleged violations of the Americans with Disabilities Act (ADA). Specifically, Browning alleged the district court refused to retain jurisdiction and permit Browning the opportunity to participate in a rider program due to, in some degree, Browning's status as a deaf individual. On appeal, Browning concedes the claim necessitates additional fact finding for resolution. However, this Court is constrained to review only the face of the record. Browning's sentences are well within the statutory maximum for felony driving under the influence and are not otherwise contrary to applicable law. Accordingly, the district court's orders denying Browning's Rule 35 motions are affirmed.