**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40037**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 414** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: March 27, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **TIMOTHY SCOTT SEE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Franklin County. Hon. Mitchell W. Brown, District Judge.

Judgment of conviction and unified sentence of three years, with a minimum period of confinement of one year, for failure to register as a sex offender, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Timothy Scott See pled guilty to failure to register as a sex offender. Idaho Code § 18-8309. The district court sentenced See to a unified term of three years, with a minimum period of confinement of one year. See filed an Idaho Criminal Rule 35 motion, which the district court denied. See appeals, asserting that his sentence is excessive and that the district court abused its discretion in denying his Rule 35 motion.

The State contends that See is estopped from claiming his sentence is excessive under the doctrine of invited error. The State is correct, as See's counsel argued for the sentence imposed. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *Thompson v. Olsen*, 147 Idaho 99, 106, 205 P.3d

1235, 1242 (2009). One may not complain of errors one has consented to or acquiesced in. *Id*. In short, invited errors are not reversible. *Id*.

In addition, See has not demonstrated that his sentence is excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying See's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* Because no new information in support of See's Rule 35 motion was presented, review of the sentence by this Court is precluded. For the foregoing reasons, the district court's order denying See's Rule 35 motion is affirmed.

Therefore, See's judgment of conviction and sentence, and the district court's order denying See's Rule 35 motion, are affirmed.

2