**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40648**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 791 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 18, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DONNY MORENO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction and concurrent unified sentences of three years with two years determinate for possession of a controlled substance with intent to deliver, and six and one-half years with two and one-half years determinate for possession of methamphetamine, affirmed. Order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

---

PER CURIAM

Donny Moreno pleaded guilty to possession of a controlled substance, Mylan, with intent to deliver, Idaho Code § 37-2732(A)(1)(c), and possession of methamphetamine, I.C. § 37-2732(c)(1). At the sentencing hearing, Moreno's counsel requested that the court impose an aggregate unified sentence of seven years with three years fixed. The district court sentenced Moreno to concurrent, unified sentences of three years with two years determinate for possession of a controlled substance with intent to deliver, and six and one-half years with two and one-half

years determinate for possession of methamphetamine. Thus, the aggregate sentence imposed by the court was less than that which Moreno requested. Moreno filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. Moreno appeals, contending that his sentences are excessive.

The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *Thompson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009). One may not complain of errors one has consented to or acquiesced in. *Id*. In short, invited errors are not reversible. *Id*. This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Leyva*, 117 Idaho 462, 465, 788 P.2d 864, 867 (Ct. App. 1990). Because the aggregate sentence that Moreno received is shorter than he requested, he may not now challenge the sentences as excessive when originally imposed.

To the extent that Moreno also challenges the denial of his Rule 35 motion, this claim of error is also without merit. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* Because no new or additional information in support of Moreno's Rule 35 motion was presented, the district court did not abuse its discretion.

Therefore, Moreno's judgment of conviction and sentences, and the order denying his Rule 35 motion, are affirmed.