# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 40874 & 40876

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 345 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 4, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DOUGLAS C. BILLS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

In Docket No. 40876, Douglas C. Bills pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). In exchange for his guilty plea, an allegation that Bills was a persistent violator was dismissed. The district court sentenced Bills to unified term of six years, with a minimum period of confinement of three years. The district court suspended the sentence and placed Bills on probation.

In Docket No. 40874, bills pled guilty to sexual battery of a minor child sixteen or seventeen years of age. I.C. § 18-1508A(1)(c). In exchange for his guilty plea, an additional charge and an allegation that Bills was a persistent violator were dismissed. The district court sentenced Bills to a unified term of ten years, with a minimum period of confinement of four years, to run concurrent with Bills's sentence in Docket No. 40876. The district court also

1

revoked Bills's probation in Docket No. 40876, and ordered execution of his underlying sentence. However, the district court retained jurisdiction in both cases, later suspended the sentences, and returned Bills to probation.

Bills violated the terms of his probation and the district court revoked Bills's probation and ordered execution of his original sentences. However, the district court retained jurisdiction in both cases, later suspended the sentences, and returned Bills to probation. Bills again violated the terms of his probation. The district court revoked probation and ordered execution of Bills's suspended sentences. Bills filed I.C.R 35 motions for reduction of his sentences, which the district court denied. Bills appeals.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* Because no new or additional information in support of Bills's Rule 35 motions was presented, the district court did not abuse its discretion. For the foregoing reasons, the district court's orders denying Bills's Rule 35 motions are affirmed.