# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41628

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 602 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 1, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHARLES ARTHUR SKILES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Cheri C. Copsey, District Judge.

Order denying I.C.R. 35 motion for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Charles Arthur Skiles pled guilty to two counts of attempted arson in the third degree. I.C. §§ 18-804, 18-306.  In exchange for his guilty pleas, additional charges were dismissed.  The district court withheld judgment and placed Skiles on probation for five years.

Thereafter, Skiles violatated the terms of his probation and the district court revoked the withheld judgment and Skiles's probation.  The district court sentenced Skiles to a unified term of five years, with a minimum period of confinement of two years, for one count and a consecutive five-year indeterminate term for the second count.  However, the district court retained jurisdiction and sent Skiles to participate in the rider program.  At the conclusion of the retained jurisdiction, the district court suspended the sentence and placed Skiles on probation. Once again, Skiles violated the terms of his probation.  The district court revoked probation and

1

ordered execution of Skiles's sentences. Skiles filed an I.C.R 35 motion, which the district court denied. Skiles appeals.[1]

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* Because no new or additional information in support of Skiles's Rule 35 motion was presented, the district court did not abuse its discretion. For the foregoing reasons, the district court's order denying Skiles's Rule 35 motion is affirmed.

---

[1]    Skiles also pled guilty to misdemeanor assault. However, he does not challenge this judgment of conviction on appeal.