**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41470**

| | |
|---|---|
| STATE OF IDAHO, | ) 2014 Unpublished Opinion No. 618 |
| | ) |
| Plaintiff-Respondent, | ) Filed: July 10, 2014 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| CHRISTOPHER DELFEIDO GONZALEZ, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order denying Idaho Criminal Rule 35 motion for correction of an illegal sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Christopher Delfeido Gonzalez was found guilty of attempted strangulation, Idaho Code § 18-923; aggravated battery with a deadly weapon enhancement, I.C. §§ 18-903, 18-907(b); second degree kidnapping, I.C. §§ 18-4501, 18-4503; and two counts of aggravated assault, I.C. §§ 18-901, 18-905. The district court imposed concurrent unified sentences of fifteen years with six years determinate for attempted strangulation, twenty years with six years determinate for aggravated battery with a deadly weapon enhancement, twenty-five years with six years determinate for second degree kidnapping, and twenty years with six years determinate for each count of aggravated assault. Gonzalez appealed from his judgment of conviction and sentences, and this Court affirmed in an unpublished decision. *State v. Gonzalez*, Docket No. 36058 (Ct.

1

App. Feb. 10, 2010). Years later, Gonzalez filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, which the district court denied. Gonzalez appeals.

Pursuant to Idaho Criminal Rule 35(a), a district court may correct an illegal sentence at any time. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Generally, whether a sentence is illegal is a question of law, over which we exercise free review. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35(a) is narrowly interpreted as a sentence that is illegal from the face of the record, *i.e.*, does not involve significant questions of fact or require an evidentiary hearing. The rule is limited to legal questions surrounding the defendant's sentence, and any factual issues must be apparent from the face of the record. *Clements*, 148 Idaho at 88, 218 P.3d at 1149.

In his motion, Gonzalez asserted his sentences were illegal based on arguments of a violation of double jeopardy by the weapons enhancement, failure to bifurcate the trial with respect to the use of a deadly weapon enhancement, and failure to instruct the jury as to lesser included offenses. "Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive." *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

Gonzalez's sentences are not illegal from the face of the record. His sentences are within the statutory maximums and are not otherwise contrary to applicable law. The district court properly denied Gonzalez's motion. Accordingly, the district court's order denying Gonzalez's Rule 35 motion for correction of an illegal sentence is affirmed.