**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43117**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 739** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 1, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DEYLEN SCOTT LOOS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

PER CURIAM

Deylen Scott Loos pled guilty to possession of a controlled substance with intent to deliver, Idaho Code § 37-2732(a). The district court imposed a unified sentence of five years, with a minimum period of confinement of two years, suspended the sentence, and placed Loos on probation. Subsequently, Loos admitted to violating the terms of his probation, and the district court consequently revoked probation, ordered execution of the original sentence, and retained jurisdiction. Upon completion of retained jurisdiction, Loos's sentence was suspended and he was again placed on probation. Following another report of probation violation, the district court revoked Loos's probation and ordered a second period of retained jurisdiction. Loos completed the second period of retained jurisdiction and was returned to probation. Loos

1

again admitted to violating his probation. The district court revoked probation and ordered execution of the underlying sentence. Loos filed an Idaho Criminal Rule 35 motion, which the district court denied. Loos appeals.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* Because no new or additional information in support of Loos's Rule 35 motion was presented, the district court did not abuse its discretion. For the foregoing reasons, the district court's order denying Loos's Rule 35 motion is affirmed.