**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44657**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 472 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 24, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SCOTTY DALE TURNBULL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Judgment of conviction and sentence of fifteen years determinate for murder in the second degree, and sentence of fifteen years indeterminate for aggravated battery, to run consecutively, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; MELANSON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Scott Dale Turnbull pleaded guilty to murder in the second degree, felony, Idaho Code § 15-5001, 02, 03(g), and aggravated battery, felony, I.C. § 18-903(a). The parties reached an Idaho Criminal Rule 11(f)(1)(C) plea agreement. Pursuant to the plea agreement, the district court imposed a fifteen-year determinate sentence and a fifteen-year indeterminate sentence, respectively, to run consecutively to each other and another unrelated case. Turnbull filed an I.C.R. 35 motion requesting the district court to run the sentences in this case concurrent to the unrelated case. The district court denied the I.C.R. 35 motion. Turnbull appeals.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of an I.C.R. 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* Because no new or additional information in support of Turnbull's I.C.R. 35 motion was presented, the district court did not abuse its discretion. For the foregoing reasons, the district court's order denying Turnbull's I.C.R. 35 motion is affirmed.