# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 44825/44826

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 543 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 4, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| ROY EUGENE PARKER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Order denying Idaho Criminal Rule 35 motion for reduction of sentences, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In cases consolidated for appeal, Roy Eugene Parker pled guilty to misdemeanor domestic battery (Docket No. 44825), Idaho Code § 18-918(3)(b), and solicitation to commit the crime of intimidating a witness, a felony, I.C. §§ 18-2001, 18-2604 (Docket No. 44826). The district court placed Parker on probation for two years for the misdemeanor and imposed a unified sentence of two and one-half years, with a minimum period of confinement of one and one-half years, in the solicitation case, suspending execution of the sentence and placing Parker on probation. Subsequently, Parker admitted to violating probation in the solicitation case and the district court revoked probation and ordered execution of the underlying sentence and further

1

retained jurisdiction. Parker filed an Idaho Criminal Rule 35 motion for reduction of his sentences in both cases, which the district court denied. Parker appealed timely from the solicitation case but not from the domestic battery case.

Addressing the solicitation case, a motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* Because no new or additional information in support of Parker's Rule 35 motion was presented, the district court did not abuse its discretion. For the foregoing reasons, the district court's order denying Parker's Rule 35 motion is affirmed.