# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45278

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

ANDREW CLINTON MARSHALL,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: June 25, 2018

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of two and one-half years, for video voyeurism, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

————————————————————————

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

————————————————————————

PER CURIAM

      Andrew Clinton Marshall pled guilty to video voyeurism. I.C. § 18-6609. In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Marshall to a unified term of five years, with a minimum period of confinement of two and one-half years. However, the district court retained jurisdiction and sent Marshall to participate in the rider program. Thereafter, the district court relinquished jurisdiction and ordered execution of Marshall's original sentence. Marshall filed an I.C.R. 35 motion, which the district court denied.

1

Marshall appeals, asserting that his sentence is excessive and that the district court erred in denying his Rule 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Marshall's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Marshall's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Marshall's judgment of conviction and sentence, and the district court's order denying Marshall's Rule 35 motion, are affirmed.