# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 46405/46406

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>CARL EDWARD IVINS,<br><br>      Defendant-Appellant. | )<br>)  **Filed: May 16, 2019**<br>)<br>)  **Karel A. Lehrman, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, District Judge.

Judgments of conviction and concurrent unified sentences of nine years with two years determinate for burglary, <u>affirmed</u>; orders denying Idaho Criminal Rule 35 motions for reduction of sentences, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

―――――――――――――――――――――――――――――――――――

Before GRATTON, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

―――――――――――――――――――――――――――――――――――

PER CURIAM

In each of these cases, consolidated on appeal, Carl Edward Ivins pled guilty to burglary, Idaho Code § 18-1401. In exchange for his guilty pleas, additional charges were dismissed. The district court imposed a concurrent unified sentence of nine years with two years determinate in each case, to run concurrently. Ivins filed Idaho Criminal Rule 35 motions for reduction of his sentences, which the district court denied. Ivins appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established.

1

*See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Ivins' Rule 35 motions. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Ivins' Rule 35 motions, we conclude no abuse of discretion has been shown.

Therefore, Ivins' judgments of conviction and sentences, and the district court's orders denying Ivins' Rule 35 motions, are affirmed.