**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 46467/46468/46469**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 13, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CHRISTOPHER SCOTT GONZALES, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Rick Carnaroli, District Judge.

Orders denying Idaho Criminal Rule 35 motions, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY Judge; LORELLO, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

In Docket No. 46467, Christopher Scott Gonzales pleaded guilty to possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(C)(1), and the district court imposed a unified five-year sentence, with two years determinate, suspended the sentence, and placed Gonzales on a term of probation. Soon after, Gonzales was arrested on a probation violation warrant at which time he was also charged with a new charge of possession of a controlled substance. Gonzales admitted to violating the terms of his probation. The district court revoked probation, executed the underlying sentence, and retained jurisdiction.

In Docket No. 46468, Gonzales pleaded guilty to possession of a controlled substance, methamphetamine, I.C. § 37-2732(C)(1), and the district court imposed a unified seven-year

1

sentence, with three years determinate, to run concurrently with his sentence in Docket No. 46467. The district court suspended the sentence and retained jurisdiction. After a period of retained jurisdiction, the district court suspended the sentences and placed Gonzales on a term of probation.

Soon after Gonzales admitted to violating the terms of his probation and he pleaded guilty to possession of heroin, I.C. § 37-2732(c)(1), second or subsequent offense, I.C. § 37-2739, in Docket No. 46469. The district court imposed a unified seven-year sentence, with three years determinate, suspended the sentence, and placed Gonzales on a term of probation. The sentence was ordered to run concurrently with his sentences in Docket Nos. 46467 and 46468. In Docket Nos. 46467 and 46468, the district court continued Gonzales on probation. As a special condition of probation, the district court ordered Gonzales to successfully complete the Bannock County Problem Solving Court.

Thereafter, Gonzales was found to have violated the terms of his probation in all three cases, and the district court revoked probation, executed the underlying sentences, and retained jurisdiction in each case. After a period of retained jurisdiction, the district court suspended the sentences and placed Gonzales on probation. Once again, Gonzales admitted to violating the terms of his probation and the district court revoked probation and executed each of his underlying sentences. Gonzales filed an Idaho Criminal Rule 35 motion in each case, which the district court denied. Gonzales appeals.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of an I.C.R. 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* Because no new or additional information in support of Gonzales's I.C.R. 35 motions was presented, the district court did not abuse its discretion. For the foregoing reasons, the district court's orders denying Gonzales's I.C.R. 35 motions are affirmed.

2