**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51979**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 4, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| GILBERT ANTHONY REYES, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis VanderVelde, District Judge.

Order denying Idaho Criminal Rule 35 motion, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Gilbert Anthony Reyes pleaded guilty to felony domestic battery, Idaho Code §§ 18-903(a) and 18-918(5). The district court imposed a unified sentence of ten years, with a minimum period of incarceration of seven years, suspended the sentence and placed Reyes on a term of probation. In two separate subsequent probation violation proceedings, Reyes admitted to violating the terms of the probation and the district court revoked probation, executed the previously suspended sentence, and retained jurisdiction. After each period of retained jurisdiction, the district court suspended the sentence and placed Reyes back onto probation. Thereafter, Reyes again admitted to violating the terms of the probation and the district court revoked probation and ordered execution of the previously suspended sentence, with credit for time served of 802 days. Reyes

1

filed an Idaho Criminal Rule 35 motion, which the district court denied. Reyes appeals, contending that the district court abused its discretion by denying his I.C.R. 35 motion, but is mindful of the fact that he did not present new or additional information in support of his motion.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of an I.C.R. 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* Because no new or additional information in support of Reyes's I.C.R. 35 motion was presented, the district court did not abuse its discretion. For the foregoing reasons, the district court's order denying Reyes's I.C.R. 35 motion is affirmed.