**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 42211, 42212 & 42423**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 544** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: July 9, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ROBERT ALEXANDER LAWRENCE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Judgments of conviction and aggregate sentence of a unified term of thirty-five years, with a minimum period of confinement of eight years, for robbery, second degree kidnapping, three counts of burglary, and grand theft by possession of stolen property, affirmed; orders denying I.C.R. 35 motions for reduction of sentences, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

————————————————————————

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

————————————————————————

PER CURIAM

In these consolidated cases, Robert Alexander Lawrence pled guilty to robbery, I.C. §§ 18-6501, 18-6503, and 18-112A; second degree kidnapping, I.C. §§ 18-4501 and 18-4504; three counts of burglary, I.C. § 18-1401; and grand theft by possession of stolen property, I.C. § 18-2403(4) and 18-2407(1)(b)(6). In exchange for his guilty pleas, the state agreed not to file additional charges. The district court sentenced Lawrence to concurrent unified terms of thirty-

1

five years, with a minimum period of confinement of eight years, for robbery; twenty-five years, with a minimum period of confinement of eight years, for second degree kidnapping; and ten years, with minimum periods of confinement, for each count of burglary and grand theft by possession of stolen property. Lawrence filed I.C.R 35 motions for reduction of his sentences, which the district court denied. Lawrence appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Lawrence's Rule 35 motions. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Lawrence's judgments of conviction and sentences, and the district court's orders denying Lawrence's Rule 35 motions, are affirmed.