**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 43426/43427**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 422** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 8, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **FRANCISCO ARTEAGA LOPEZ,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Judgments of conviction and concurrent unified sentences of seven years, with a minimum period of confinement of three years, for felony driving under the influence of alcohol and ten years, with a minimum period of confinement of four years, for aggravated driving under the influence of alcohol, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

---

PER CURIAM

In these cases, consolidated on appeal, Francisco Arteaga Lopez pled guilty to felony driving under the influence of alcohol, Idaho Code §§ 18-8004, 18-8005, and aggravated driving under the influence of alcohol, I.C. §§ 18-8004, 18-8006. In the first DUI case, the district court imposed a unified sentence of seven years, with a minimum period of confinement of three years, and in the aggravated DUI case, the district court imposed a concurrent unified sentence of ten years, with a minimum period of confinement of four years. Lopez filed Idaho Criminal

1

Rule 35 motions for reduction of his sentences in both cases, which the district court denied. Lopez appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Lopez's Rule 35 motions. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the records, we conclude no abuse of discretion has been shown.

Therefore, Lopez's judgments of conviction and sentences, and the district court's orders denying Lopez's Rule 35 motions, are affirmed.