**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 43170**

| | |
|---|---|
| **STATE OF IDAHO,** | ) **2016 Unpublished Opinion No. 517** |
| | ) |
| **Plaintiff-Respondent,** | ) **Filed: May 4, 2016** |
| | ) |
| v. | ) **Stephen W. Kenyon, Clerk** |
| | ) |
| **DEBORAH DEANNE LA FAVE aka** | ) **THIS IS AN UNPUBLISHED** |
| **GRASSER,** | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgment of conviction and sentences and order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

————————————————————————

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

————————————————————————

PER CURIAM

Deborah Deanne La Fave pleaded guilty to two counts of grand theft, felony, Idaho Code Section §§ 18-2403(1), -2407(1)(b), -2409. The district court imposed unified fourteen-year sentences, with four years determinate, to run concurrently. La Fave filed an Idaho Criminal Rule 35 motion and a motion for amended judgment to correct credit for time served. The district court entered a corrected judgment of conviction and commitment and a memorandum decision and order 1) denying rule 35 motion; and 2) granting additional credit for time served. La Fave appeals.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying La Fave's I.C.R. 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of an I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Assuming, without deciding, the district court had jurisdiction to hear La Fave's I.C.R. 35 motion, upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, La Fave's judgment of conviction and sentences, and the district court's order denying La Fave's I.C.R. 35 motion, are affirmed.