## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43951

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 770** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: November 7, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CAMERON EVERETT POST,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment of conviction and unified consecutive sentences of ten years, with a minimum period of confinement of three, for involuntary manslaughter and a unified five year sentence, with a minimum period of confinement of two years, for use of a deadly weapon in the commission of a crime, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Cameron Everett Post pleaded guilty to involuntary manslaughter, Idaho Code § 18-4006(2), and use of a deadly weapon in the commission of a crime, I.C. § 19-2520. The district court imposed a unified ten-year sentence, with two years determinate, and a consecutive unified five-year sentence, with two years determinate, respectively. Post filed an Idaho Criminal Rule 35 motion, which the district court denied. Post appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established.

1

*See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Post's I.C.R. 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of an I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Although Post argues he provided sufficient additional information justifying a reduction of his sentence, all the information was considered, and rejected, by the district court as a basis to reduce Post's sentence. The court noted that most of the information provided in the I.C.R. 35 motion was a restatement of information presented at sentencing. The court recognized that while the amount of restitution was not fixed at the time of sentencing, the court anticipated restitution would be high and thus, did not impose a fine. The district court noted that while financial hardship is frequently visited upon an incarcerated defendant's family it was not, in this case, and appropriate basis justifying a reduction of the sentence. The other additional information was Post's placement in the prison system which the court also found did not warrant a reduction in the sentence. Given all the information considered by the district court, the court did not err in declining to reduce Post's sentence.

Therefore, Post's judgment of conviction and sentence, and the district court's order denying Post's I.C.R. 35 motion, are affirmed.