**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47006**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>SUZANA MARIE CONNOR,<br><br>      Defendant-Appellant. | )<br>)  **Filed: May 22, 2020**<br>)<br>)  **Karel A. Lehrman, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge and Patrick J. Miller, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of two and one-half years, for felony driving under the influence and order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff D. Nye, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Suzana Marie Connor appeals from the district court's judgment of conviction entered upon her conditional guilty plea to felony driving under the influence, as well as the court's order denying Connor's Idaho Criminal Rule 35 motion. On appeal, Connor argues the district court erred when it denied her motion to suppress. Connor also claims the district court abused its discretion by imposing an excessive sentence and denying her Rule 35 motion for reduction of sentence. Because Connor's motion to suppress was untimely and Connor fails to show the district court abused its discretion when imposing the sentence or denying her Rule 35 motion, we affirm the district court.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Connor was arrested for driving under the influence on June 3, 2012. At the jail, Connor refused a breath test and her blood was drawn. The results indicated Connor's blood alcohol content was .292, and she was booked into jail.

The State charged Connor with felony driving under the influence of alcohol (one felony conviction within fifteen years), Idaho Code §§ 18-8004, 18-8005(9). Connor pleaded not guilty, and the district court scheduled a jury trial for February 27, 2013. The State filed a motion for leave to file an information part II, and a hearing was set for January 15, 2013. Connor failed to appear at the hearing and a warrant was issued. The State filed its information part II, which added a persistent violator enhancement.

More than five years later, on August 8, 2018, Connor was arrested in Oregon. On September 6, 2018, Connor filed a motion to suppress the 2012 blood draw, pursuant to Idaho Criminal Rule 12(b)(3). A hearing was held on January 14, 2019, at which Connor explained her motion to suppress was untimely because she had been out of the country and unable to appear before the court. The district court denied Connor's motion to suppress because it was untimely and Connor failed to show excusable neglect or good cause for her failure to timely file the motion.

Connor entered a conditional guilty plea preserving her right to appeal the district court's denial of the motion to suppress. Connor pleaded guilty to felony driving under the influence (one felony conviction within fifteen years), and in exchange, the State agreed to dismiss the persistent violator enhancement.

The district court imposed a sentence of ten years, with two and one-half years determinate. Connor filed a Rule 35 motion, which the district court denied. Connor timely appeals.

# II.

## ANALYSIS

### A.    The District Court Did Not Err When It Denied Connor's Motion to Suppress

Connor argues the district court erred when it denied her motion to suppress as untimely. Specifically, Connor claims the district court erred when it did not enlarge the time in which Connor could file a motion to suppress.

2

The court's decision to allow a late motion to suppress is a matter of discretion. *State v. Alanis*, 109 Idaho 884, 888, 712 P.2d 585, 589 (1985). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Idaho Criminal Rule 12(d) provides:

> Motions under Rule 12(b) must be filed within 28 days after the entry of a plea of not guilty or seven days before trial whichever is earlier. In felony cases, motions under Rule 12(b) must be brought on for hearing within 14 days after filing or 48 hours before trial, whichever is earlier. The court may shorten or enlarge the time and, for good cause shown or for excusable neglect, may relieve a party of failure to comply with this rule.

Connor does not dispute that she failed to file her motion to suppress within the time limit designated by Rule 12. Connor also acknowledges she was voluntarily absent from the State of Idaho for approximately five years. Thus, the district court did not err when it found that Connor's motion to suppress was untimely.

Connor argues that although her motion to suppress was untimely, there was good cause for enlarging the time in which Connor could file a motion to suppress. According to Connor, a recent change regarding the illegality of warrantless blood draws applies to this case, and the application of a procedural rule should not defeat her ability to challenge a constitutional violation. However, a law that changes during the time that one is willfully avoiding prosecution is not good cause to excuse timely filing. If that were true, defendants would be encouraged to abscond in the hopes that the law would (at some future point) change in their favor. That is not the current state of the law, and this Court sees no reason to find that willfully avoiding prosecution constitutes good cause in this context.

Here, the district court correctly determined there was not good cause or excusable neglect to enlarge the time for Connor to file her motion to suppress. Connor voluntarily left the State of Idaho despite the pending prosecution. In doing so, it was Connor's own actions which caused the delay of more than five years. On appeal, Connor does not attempt to show there was good cause or excusable neglect that would excuse her untimeliness in filing her motion to suppress. Instead, Connor asks this Court to ignore the language of the procedural rule and

3

address the merits of her constitutional claim.  This Court declines to do so.  It was Connor's responsibility to either timely file a motion to suppress or demonstrate there was good cause for the delay.  Because Connor has done neither, she has not satisfied the unambiguous requirement set forth in Rule 12.  The district court therefore did not err when it denied Connor's motion to suppress.

## B.      The District Court Did Not Abuse Its Discretion by Imposing an Excessive Sentence or Denying Connor's Idaho Criminal Rule 35 Motion

Connor pleaded guilty to driving under the influence, and the district court imposed a sentence of ten years with two and one-half years determinate.  Connor filed a Rule 35 motion, which the district court denied.  On appeal, Connor contends the district court imposed an excessive sentence and also abused its discretion when it denied her Rule 35 motion for a sentence reduction.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Connor's Rule 35 motion.[1]  A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for

---

[1]      Connor asserts the district court abused its discretion by failing to consider the information she submitted to supplement her Idaho Criminal Rule 35 motion.  First, it is unclear from the record that the district court failed to consider the information as it is fairly unremarkable.  Second, Connor fails to demonstrate any likelihood that the district court, in considering the information, would have granted the motion.

4

determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, including any new information submitted with Connor's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Connor's judgment of conviction and sentence, and the district court's order denying Connor's Rule 35 motion, are affirmed.

## III.

## CONCLUSION

Because Connor's motion to suppress was untimely and the district court did not abuse its discretion when imposing sentence or denying Connor's Rule 35 motion, we affirm the district court.

Judge GRATTON and Judge LORELLO **CONCUR**.