**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49827**

| | |
|---|---|
| STATE OF IDAHO,<br><br>          Plaintiff-Respondent,<br><br>v.<br><br>ROBERT ANDREW MATTHEWS, JR.,<br><br>          Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Filed: March 8, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County.  Hon. Brent L. Whiting, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of incarceration of three years; and order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

Robert Andrew Matthews, Jr. pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1).  In exchange for his guilty plea, a charge in a separate case was dismissed. The district court imposed a unified sentence of five years, with a minimum period of incarceration of three years.  Matthews filed an Idaho Criminal Rule 35 motion, which the district court denied. Matthews appeals.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established.  *See*

1

*State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Matthews' Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Matthews' Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Matthews' judgment of conviction and sentence, and the district court's order denying Matthews' Rule 35 motion, are affirmed.