**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50142**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 20, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| TISEN WAYNE STERKEL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lamont C. Berecz, District Judge.

Judgment of conviction and concurrent, aggregate sentences of thirty years with fifteen years determinate, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Tisen Wayne Sterkel pled guilty to attempted unlawful entry, Idaho Code § 18-7034(1); unlawful entry, I.C. § 18-7034(1); eluding a police officer, I.C. §49-1404(2); and possession of a controlled substance, I.C. § 37-2732(c)(1). A jury found Sterkel guilty of two counts of aggravated battery, I.C. § 18-907(1)(a); aggravated assault, I.C. § 18-905(a); possession of a stolen vehicle, I.C. § 49-228; robbery, I.C. § 18-6501; and operating a motor vehicle without owner's consent, I.C. § 49-228. The district court imposed an aggregate sentence of thirty years with fifteen years determinate. Sterkel filed an Idaho Criminal Rule 35 motion, which the district court denied.

1

Sterkel appeals asserting that the district court abused its discretion, particularly with regard to the determinate term, or alternatively, by denying his I.C.R. 35 motion to reduce the determinate term.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Sterkel's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new or additional information submitted with Sterkel's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Sterkel's judgment of conviction and sentence, and the district court's order denying Sterkel's Rule 35 motion, are affirmed.