# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51528

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed:  September 9, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MICHAEL THOMAS KAWIKA | ) OPINION AND SHALL NOT |
| BALTUNADO, | ) BE CITED AS AUTHORITY |
| | ) |
| Defendant-Appellant. | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction and unified sentence of seven years with a minimum period of confinement of three years for possession of a controlled substance, affirmed; denial of I.C.R. 35(b) motion, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Michael Thomas Kawika Baltunado pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c).  In exchange for his guilty plea, additional charges were dismissed.  The district court imposed a unified term of seven years with three years determinate.  Baltunado filed an Idaho Criminal Rule 35(b) motion, which the district court denied.  Baltunado appeals asserting that the district court abused its discretion by imposing an excessive sentence and by denying his I.C.R. 35(b) motion.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Baltunado's Rule 35(b) motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Baltunado's Rule 35(b) motion, we conclude no abuse of discretion has been shown.

Therefore, Baltunado's judgment of conviction and sentence, and the district court's order denying Baltunado's Rule 35(b) motion, are affirmed.