# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50917

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 25, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JUAN PAUL RODRIGUEZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Rich Christensen, District Judge.

Judgment of conviction and unified term of seven years, with a minimum period of confinement of three years, for aggravated battery, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

   Juan Paul Rodriguez entered an *Alford*[1] plea to aggravated battery. Idaho Code §§ 18-903, 18-907(1)(a).[2] In exchange for his guilty pleas, additional charges were dismissed. The district court sentenced Rodriguez to a unified term of seven years, with a minimum period of confinement

---

[1]   *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2]   Rodriguez also entered an *Alford* plea to misdemeanor domestic battery. He does not challenge this conviction or sentence on appeal.

1

of three years. Rodriguez filed an Idaho Criminal Rule 35 motion, which the district court denied.[3] Rodriguez appeals, arguing that his sentence is excessive and that the district court erred in denying his Rule 35 motion for reduction of sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Rodriguez's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new or additional information submitted with Rodriguez's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Rodriguez's judgment of conviction, sentence, and the district court's order denying Rodriguez's Rule 35 motion, are affirmed.

---

[3]     Rodriguez's Rule 35 written motion requested a correction of an illegal sentence for the misdemeanor domestic battery conviction, however, at the hearing on the motion, it was determined that Rodriguez was requesting relief only of the sentence for aggravated battery.