**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52441**

|  |  |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 16, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DOMINICK JAMES ROTELLA, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gabriel McCarthy, District Judge.

Judgment of conviction and unified sentence of twenty-five years, with a minimum period of confinement of ten years, for sexual abuse of a child under the age of sixteen years, <u>affirmed</u>; denial of I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Dominick James Rotella pled guilty to sexual abuse of a child under the age of sixteen years, Idaho Code § 18-1506. The district court imposed a unified term of twenty-five years with ten years determinate. Rotella filed an Idaho Criminal Rule 35 motion which the district court denied. Rotella appeals, contending that the district court abused its discretion by imposing an excessive sentence and declining to place him on probation. Rotella further argues that the district court abused its discretion by denying his I.C.R. 35 motion.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Rotella's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Rotella's judgment of conviction and sentence, and the district court's order denying Rotella's Rule 35 motion, are affirmed.