**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52807**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 14, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MICHELLE ANN PEWE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment and sentence of ten years determinate for burglary, <u>affirmed</u>; Order denying Idaho Criminal Rule 35(b) motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Michelle Ann Pewe pleaded guilty to burglary, Idaho Code § 18-1401. In exchange for her guilty plea, additional charges were dismissed including an allegation that she is a persistent violator. The district court imposed a sentence of ten years determinate. Pewe filed an Idaho Criminal Rule 35(b) motion, which the district court denied. Pewe appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we

1

consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Pewe's Rule 35(b) motion. A motion for reduction of sentence under Rule 35(b) is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35(b) motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Pewe's Rule 35(b) motion, we conclude no abuse of discretion has been shown.

Therefore, Pewe's judgment of conviction and sentence, and the district court's order denying Pewe's Rule 35(b) motion, are affirmed.